**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RAY A. MCKENZIE,

Debtor.

**NOT FOR PUBLICATION**

Case No. 19-10130
Chapter 7

### MEMORANDUM OPINION GRANTING *IN REM* RELIEF

Pending before the Court is a motion for an entry of an order granting *in rem* relief from the automatic stay (the "Motion," ECF Doc. # 7-1) filed by Wells Fargo N.A., as Servicing Agent for U.S. Bank National Association (the "Movant"), with respect to the first mortgage lien on real property located at 859 East 220th Street, Bronx, NY 10467 (the "Property"). Filed with the Motion is an Affirmation of Nicole DiStasio, Esq. in Support of an Order Granting *In Rem* Relief from the Automatic Stay with respect to the Property (the "Affirmation," ECF Doc. # 7). The Motion is unopposed, and no counsel for Ray A. McKenzie (the "Debtor") appeared at the hearing on the Motion. An Order granting the requested relief has already been entered. This Opinion explains the reasons for the ruling, particularly since McKenzie is a repeat filer, he has other properties as to which he seeks to have the stay apply (and that is already the subject of another lift stay motion, but not seeking *in rem* relief, and it is likely that is case will be dismissed shortly, raising the possibility of still another bankruptcy case filing by McKenzie.

For the reasons stated below, the Motion was **GRANTED** with the Order entered on March 7 2019. (ECF Doc. # 14.)

### I.    BACKGROUND

On January 13, 2006, Debtor executed a promissory note (the "Note") to pay the principal amount of $440,000 plus interest to Continental Mortgage Bankers, Inc. dba Financial

Equities.  (Affirmation ¶ 11.)  On February 16, 2006, to secure the payment of the Note, the

Debtor and non-filing co-borrower Naurda Cameron-Rattray (the "Co-Borrower") granted a

mortgage to Mortgage Electronic Registration Systems, Inc., as nominee for Financial Equities,

which was duly recorded on February 16, 2006 (the "Mortgage," Note and Mortgage,

collectively, as the "Loan"), encumbering the Property.  (*See id.*)  On February 8, 2012, the

Mortgage was assigned to Movant.  (*See id.*)  Wells Fargo established its standing to bring this

Motion to lift the automatic stay.

The Debtor has filed multiple bankruptcy petitions over the past five and a half years.

(Affirmation ¶ 4.)  Each bankruptcy petition filing asserted an interest in the Property.  (*See Id.*)

On June 24, 2013, the Debtor filed a bankruptcy petition in this Court under Chapter 7 as Case

No. 13-36485 (the "First Case").  (*See id.* ¶ 5.)  On September 26, 2013, the Debtor received a

discharge and the First Case closed.  (*See id.*)  On October 13, 2017, the Debtor filed a

bankruptcy petition in this Court under Chapter 13 as Case No. 17-12867 (the "Second Case").

(*Id.* ¶ 6.)  On January 18, 2018, the Second Case was converted to a Chapter 7 case, and a

dismissal Order was entered on May 10, 2018 (ECF Doc. No. 43).  (*See Id.*)  On July 13, 2018,

the Debtor filed a bankruptcy petition in this Court under Chapter 13 as Case No. 18-12130 (the

"Third Case").  (*Id.* ¶ 7.)  On October 17, 2018, a dismissal Order was entered for the Third Case

(ECF Doc. No. 16) because of Debtor's failure to file information, including schedules and a list

of creditors, as required under 11 U.S.C. § 521(a)(1).  (*See id.*)  On January 14, 2019, the debtor

filed the instant petition in this Court under Chapter 7 as Case No. 19-10130 (the "Fourth Case").

(*See id.* ¶ 8.)  The Fourth Case was a barebones filing, without any schedules and still remains

deficient.  (*See id.*)  The Trustee has filed a motion to dismiss the Fourth Case.  (the "Trustee's

Motion," ECF Doc. # 8.)

There have been multiple attempts to hold a foreclosure sale of the Property: the first sale, scheduled for October 23, 2017, was cancelled by the filing of the Second Case ten days before the sale; the second sale, scheduled for July 16, 2018, was cancelled by the filing of the Third Case three days before the sale; and the third sale, scheduled for January 14, 2019, was cancelled by the filing of the Fourth Case on the same day of the sale.  (*See id.* ¶ 9.)

On March 7, 2019, the Court held a hearing on Wells Fargo's Motion to lift the stay; the Court granted the motion to lift the stay and granted *in rem* relief with respect to the Property. (*See* "Order Granting *In Rem* Relief," ECF Doc. # 14.)  No counsel appeared for the Debtor at the hearing.

## II.    <u>LEGAL STANDARD</u>

Upon the filing of a bankruptcy petition, the Bankruptcy Code imposes an automatic stay against the commencement or continuation of certain legal actions against the debtor.  11 U.S.C. § 362(a).  The Bankruptcy Code, however, also allows a court to lift the stay and grant *in rem* relief if "the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either (A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or (B) multiple bankruptcy filings affecting such real property."  11 U.S.C. § 362(d)(4).

### A.    *In Rem* Relief

"In order to appropriately grant *in rem* relief, the record must clearly demonstrate an abuse of the bankruptcy process through multiple filings with the sole purpose of frustrating the legitimate efforts of creditors to recover their collateral."  *In re Price,* 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004).  To obtain relief under 11 U.S.C. § 362(d)(4), the movant has the burden of "establishing that the current filing is part of a scheme, that the scheme involved the transfer of

3

real property or multiple filings, and that the object of the scheme is to hinder, delay and defraud the [movant]." *In re Lemma,* 394 B.R. 315, 325 (Bankr. E.D.N.Y. 2008) (citing *In re Abdul Mauhaimin,* 343 B.R. 159, 167-168 (Bankr. D. Md. 2006)).  A creditor moving for relief pursuant to 362(d)(4) "bears the initial burden to establish a prima facie case as to all the elements." *In re Poissant*, 405 B.R. 267, 271 (Bankr. N.D. Ohio 2009).  "Under § 362(d)(4), a creditor must prove that (1) the debtor engaged in a scheme, (2) to delay, hinder or defraud the creditor, and (3) which involved either the transfer of property without the creditor's consent or court approval or multiple filings."  *In re Lee*, 467 B.R. 906, 920 (B.A.P. 6th Cir. 2012).

The standard for *in rem* relief is not easily met because "[t]he language [in section 362(d)(4)] was deliberately chosen by Congress to impose a substantial burden of proof on secured creditors . . . ." *In re O'Farrill,* 569 B.R. 586, 591 (Bankr. S.D.N.Y. 2017) (holding that *in rem* relief was warranted because debtor failed to honor the obligations of a debtor in good faith by failing to make consistent payments and instead used the bankruptcy filings as a scheme to delay foreclosure proceedings) (quoting 3 COLLIER ON BANKRUPTCY ¶ 362.05[19][a] (16th ed. 2016)).  "The Bankruptcy Technical Corrections Act of 2010 amended section 362(d)(4) by replacing the 'and' with an 'or,' making the subsection consistent with other Code provisions that use the phrase 'hinder, delay or defraud' . . . ." (*Id.*)  Although, "courts may no longer place undue reliance on the fraud element following the 2010 amendment, they will likely continue to require a substantial showing by the moving party before granting *in rem* relief."  (*Id.*)

"A bankruptcy court can 'infer an intent to hinder, delay, and defraud creditors from the fact of serial filings alone' without holding an evidentiary hearing."  *In re Richmond,* 513 B.R. 34, 38 (Bankr. E.D.N.Y. 2014) (quoting *In re Blair,* No. 09-76150, 2009 Bankr. LEXIS 4195, at *11-12 (Bankr. E.D.N.Y. Dec. 21, 2009)).  "The extent of the efforts by a debtor to prosecute his

bankruptcy case and the '[t]he timing and sequencing of the filings' are important factors in

determining whether a debtor has engaged in 'a scheme to delay, hinder, and defraud.'" *In re*

*Richmond,* 513 B.R. at 38 (citing *In re Montalvo,* 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009)).

When debtors have exhibited a lack of effort in their bankruptcy proceedings and have instead

engaged in serial filings to thwart the efforts of secured creditors exercising their rights under

state law, courts have found that these serial filings are evidence of bad faith and abuse of the

bankruptcy process.  *See id.* at 385-86 (*see also In re Blair,* No. 09-76150, 2009 Bankr. LEXIS

4195 at *11-12 (Bankr. E.D.N.Y. Dec. 21, 2009) (granting *in rem* relief based on permissible

inference of intent to hinder, delay, and defraud, and noting that factors weighing in favor of

granting such relief are whether a debtor has sought to file and confirm a payment plan or has

prosecuted his case to any meaningful extent)).

### B.    Section 362(c)

If a debtor files a petition "*other than a case refiled under a chapter other than chapter*

*7,*" but had one case pending within the preceding year that was dismissed, the automatic stay for

the new case terminates after 30 days.  11 U.S.C. § 362(c)(3).  Section 362(c)(3) provides in

relevant part:

> [I]f a single or joint case is filed by or against a debtor who is an
> individual in a case under chapter 7, 11, or 13, and if a single or joint
> case of the debtor was pending within the preceding 1-year period
> but was dismissed, other than a case refiled under a chapter other
> than chapter 7 after the dismissal under section 707(b)—
> (A) the stay under subsection (a) with respect to any action taken
>     with respect to a debt or property securing such debt or with
>     respect to any lease shall terminate with respect to the debtor on
>     the 30th day after the filing of the later case;

11 U.S.C. § 362(c)(3)(A).  The termination will take effect as long as the debtor undertakes no

successful action to maintain the stay pursuant to section 362(c)(3)(B).

Similarly, under 11 U.S.C. § 362(c)(4)(A):

> (i) [I]f a single or joint case is filed by or against a debtor who is an individual under this title, and if 2 or more single or joint cases of the debtor were pending within the previous year but were dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b), the stay under subsection (a) shall not go into effect upon the filing of the later case; and
> (ii) on request of a party in interest, the court shall promptly enter an order confirming that no stay is in effect . . . .

11 U.S.C. § 362(c)(4)(A).  Therefore, "if a debtor files a petition, but had two cases pending within the preceding year, both of which were dismissed, the debtor does not receive an automatic stay upon filing the new, third petition."  (*In re O'Farrill,* 569 B.R. at 590).  The exception to this rule, again, arises when the new petition is "*other than a case refiled under a chapter other than chapter 7.*"

Furthermore, within 30 days of the filing of the third petition, a party in interest may request that the court order an automatic stay to take effect, if the party in interest can "[demonstrate] that the filing of the later case is in good faith as to the creditors to be stayed[.]"  11 U.S.C. § 362(c)(4)(B).  With respect to section 362(c)(4)(B) and pursuant to section 362(c)(4)(D), there is a presumption that the third filing is not in good faith, which can be rebutted by clear and convincing evidence to the contrary as to all creditors if two or more previous cases in which the individual was a debtor were pending within one year of the third filing.  *See* 11 U.S.C. § 362(c)(4)(D).

## III.    DISCUSSION

### A.    *In Rem* Relief Should be Granted

The Movant has satisfied the standard of a *prima facie* case for *in rem* relief.  When debtors have exhibited a lack of effort in their bankruptcy proceedings and have instead engaged

in serial filings to thwart the efforts of secured creditors exercising their rights under state law, courts have found that these serial filings are evidence of bad faith and abuse of the bankruptcy process.  *See In re Montalvo,* 416 B.R. at 385-86.  In *Montalvo*, the court found that there had been six strategically timed bankruptcy filings by a debtor and debtor's family member prior to significant events affecting the property, which satisfied the multiple filings prong of section 362(d)(4)(B).  *In re Montalvo,* 416 B.R. at 387.  With respect to the bankruptcy filings, the court also found that the debtor and debtor's family member had failed to make post-petition payments to movant; they falsely claimed a landlord-tenant relationship with the movant; they did not confirm a plan; and they did not file the required documents and information to continue chapter 13 proceedings.  *Id.*  The *Montalvo* court ultimately held that the "record of the filings and lack of any good faith prosecution of these cases allow this Court to draw a permissible inference and find that the instant petition was part of a scheme of Debtor to delay, hinder, and defraud [movant]."  *Id.*

Similar to *Montalvo*, the Debtor here has filed a total of four bankruptcies, three of which were strategically timed days before the foreclosure sale of the Property.  The Debtor in the instant case also has not made a good faith attempt at prosecuting his bankruptcy petitions: the Second Case was dismissed because Debtor failed to attend the meeting of creditors (Affirmation ¶ 6); the Third Case was a barebones filing, without any schedules, and was dismissed because of Debtor's failure to file information, as required under 11 U.S.C. § 521(a)(1) (*see id.* ¶ 7); and the Fourth Case is also a barebones filing, without any schedules and currently remains deficient (*See id.* ¶ 8).  The Debtor also has failed to appear at the 341 meeting for the instant case. (Trustee's Motion at 2.)  With respect to the Note, the Debtor has yet to make any post-petition payments; and, as of January 25, 2019, the total amount of pre-petition and post-petition debt

owed to Movant by Debtor is $710,071.94.  ("Exhibit C," ECF Doc. # 7-4 at 2.)

Furthermore, the Debtor has apparently misled the court by indicating only one previous bankruptcy filing within the past eight years, but the Debtor has actually filed three previous bankruptcies within the past eight years.  ("Debtor's Petition," ECF Doc. # 1 at 3.)  Therefore, the Debtor has demonstrated a clear pattern of repeat filings concerning the property that are a part of a scheme to hinder, delay, or defraud the Movant, and *in rem* relief should be granted pursuant to 11 U.S.C. § 362(d)(4).

### B.      Whether the Automatic Stay is in Effect

The Debtor had two filings pending and dismissed within one year of the instant filing: the Second Case was converted from a Chapter 13 case to a Chapter 7 case as Case No. 17-12867 on January 18, 2018, and a dismissal Order was entered on May 10, 2018 (Affirmation ¶ 6.); and the Third Case was filed on July 13, 2018 under Chapter 13 as Case No. 18-12130, and a dismissal Order was entered on October 17, 2018 (*see Id.* ¶ 7.)  This case was filed on January 14, 2019, which is within a year of both the Second Case and Third Case.

It is unclear in these circumstances, however, if the automatic stay (i) either terminated 30 days after the filing of the Fourth Case under 362(c)(3)(A) (since no motion to extend the stay was filed within the 30-day period), or (ii) never took effect under section 362(c)(4)(A)(i).  This ambiguity exists because the Second Case was converted to a Chapter 7 case and the Third Case was filed under Chapter 13, which might take this case outside the scope of section 362(c)(4)(A)(i).  Since *in rem* relief has been granted to the Movant this issue does not need to be resolved.

## **CONCLUSION**

For the reasons discussed above, the Court **GRANTED** the Motion at the hearing and an

Order has been entered.  This Opinion explains the Court's reasoning.

Dated:    March 25, 2019
              New York, New York

_Martin Glenn_
MARTIN GLENN
United States Bankruptcy Judge